**E-FILED on** 4/16/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GANG WANG,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL MUKASEY; MICHAEL CHERTOFF; and EMILIO GONZALEZ,<br><br>    Defendants. | No. C-07-06266 RMW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br>**[Re Docket No. 7]** |

On December 11, 2007, plaintiff Gang Wang petitioned the court for a writ of mandamus to compel action on his naturalization application. Defendants Mukasey, Chertoff, Gonzalez and Mueller move to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

Wang is a citizen of People's Republic of China. Compl. ¶ 14. He has lived in the United States since 1995 and has been a permanent resident since August 20, 2001. *Id*. Wang applied for citizenship on June 1, 2006 by filing an N-400 Application for Naturalization. *Id*. ¶ 15; Decl. of Janaki Rangaswamy ("Rangaswamy Decl.") ¶ 16. He was fingerprinted on July 6, 2006. *Id*. He has not yet been scheduled for a naturalization interview. Compl. ¶ 12; Rangaswamy Decl. ¶ 16.

1  Wang inquired about the status of his citizenship application in April of 2007 and was
2  notified that his background investigation was still pending. *Id.* ¶ 16. His name check was
3  submitted to the Federal Bureau of Investigations ("FBI") on June 12, 2006 and is currently pending.
4  Rangaswamy Decl. ¶ 16. On December 11, 2007, Wang filed this action requesting the court (1) to
5  compel the FBI to complete his name check and to require the United States Citizen and
6  Immigration Services ("USCIS") to adjudicate his naturalization application within 20 days of the
7  writ being issued, and (2) to award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. §
8  2412.[1]

## II. ANALYSIS

In his complaint, Wang asserts three bases for this court's jurisdiction: (1) mandamus jurisdiction pursuant to 28 U.S.C. § 1361; (2) the Administrative Procedure Act ("APA"), 5 U.S.C. §551 *et seq.*; and (3) the declaratory judgment statute, 28 U.S.C. § 2201. Defendants contend that the court lacks subject matter jurisdiction over Wang's complaint. Defendants also contend that the complaint fails to state a claim upon which relief can be granted, since the requested relief is for the USCIS to adjudicate his naturalization application and the USCIS is prohibited from doing so until the FBI completes its name check on Wang.

### A. Motion to Dismiss Defendant Mueller

As an initial matter, defendants move to dismiss defendant Mueller, director of the FBI, asserting that courts have recognized that the Department of Homeland Security, not the FBI, has been the agency responsible for implementing United States immigration laws and that any duty owed by the FBI is owed to USCIS, not to plaintiff.

While defendants' arguments may find purchase outside the context of adjudicating naturalization applications, the court comes to a different conclusion with regard to N-400

---

[1] To be clear, Wang's complaint seeks mandamus relief pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(1). It does not ask for relief under 8 U.S.C. § 1447(b), which permits an applicant to ask the District Court for a hearing on his or her naturalization application if USCIS has not adjudicated the application within 120 days of examining the applicant. Under 8 U.S.C. § 1447(b) the district court may either determine the matter or remand to USCIS to determine the matter.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS—No. C-07-06266 RMW
MAG                                                                    2

applications. Magistrate Judge Zimmerman recently articulated a mandatory duty owed directly to a naturalization applicant by the FBI:

> I conclude that the FBI has a mandatory duty to complete its background check within a reasonable time even though that duty is not expressly stated in a statute. Such a duty must follow from the 1997 funding legislation and the implementing regulations which injected the FBI into the naturalization process by requiring that the FBI conduct a full criminal background check of a naturalization applicant before the USCIS can complete its adjudication of the application. Pub. L. 105-119, 111 Stat. 2440, 2448-49, Tit. I, Nov. 26, 1997.[2] This requirement is codified in 8 C.F.R. § 335.2(b). Other regulations require applicants to submit their fees to USCIS, which in turn provides a portion of the fees to the FBI to complete the fingerprint and name checks. 8 C.F.R § 334.2; 72 Fed. Reg. 4888, 4889 (proposed Feb. 1, 2007) (proposing increased fees for applicants based, in part, to "costs due to the FBI for background checks"). "[W]here Congress has conditioned CIS's mandatory action on the FBI's completion of background checks, and where applicants must pay the FBI, through CIS, to complete the background checks, the Court holds that Congress has, by implication, imposed on the FBI a mandatory duty to complete the background checks." *Kaplan v. Chertoff*, 481 F. Supp. 2d 370, 401 (E.D. Pa. 2007); *see also Al Daraji v. Monica*, 2007 WL 2994608 at *3-*5 (E.D. Pa. 2007).

*Moretazpour v. Chertoff*, 2007 WL 4287363, 1 (N.D. Cal. Dec. 5, 2007) (Zimmerman, M.J.) (footnote number altered from n.6 to n.2); *but see Antonishin v. Keisler*, 2007 WL 2788841, *5 (N.D. Ill. Sept. 20, 2007) (acknowledging the funding arrangement discussed in *Kaplan* and *Moretazpour* but declining to infer a duty "based on an appropriations measure directed to a different agency"); *Wang v. Gonzales*, 2008 WL 45492 at *3 (D. Kan. Jan. 2, 2008) (same).

As noted in *Moretazpour*, this duty does not arise in cases involving the adjudication of I-485 applications for permanent residency, because the FBI's involvement in conducting background checks arises by contract rather than by statute. Therefore, this court's previous decisions to dismiss the FBI are distinguishable. *See, e.g., Konchitsky v. Chertoff*, 2007 WL 2070325 at *6 (N.D. Cal. July 13, 2007) (Whyte, J.). The court agrees with Judge Zimmerman's conclusion and likewise finds that the FBI has a mandatory duty to complete its background check on naturalization applicants in a reasonable time. *See also Kaplan*, 481 F. Supp. 2d at 401 ("[I]t appears clear from a number of Congressional enactments that Congress has imposed a mandatory duty on the FBI to perform background checks [for naturalization applicants]."). Because funds to commence the adjudication of the applicant's naturalization application cannot be used until the FBI has completed its background

---

[2] "[N]one of the funds appropriated or otherwise made available to the [INS] shall be used to complete adjudication of an application for naturalization unless the [INS] has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed."

ORDER DENYING DEFENDANTS' MOTION TO DISMISS—No. C-07-06266 RMW
MAG                                                                3

check, it logically follows that the FBI has a duty to the applicant to complete its background check in a reasonable time. The court therefore denies defendants' motion to dismiss Mueller.

### B.      Duty to Act

As set forth above, Wang seeks relief under both the Mandamus Act and the APA. The Mandamus Act provides: "A court has jurisdiction in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28. U.S.C. § 1361. A writ of mandamus is appropriate when a plaintiff has "no alternative or adequate remedy" and the defendant owes him a clear non-discretionary duty. *Heckler v. Ringer*, 466 U.S. 602 (1984). The Ninth Circuit has stated that "[m]andamus . . . is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003).

The APA "authorizes suits by any person suffering legal wrong because of agency action." 5 U.S.C. § 702. Agency action includes the failure of an agency to act. 5. U.S.C. § 551(13). The APA provides that "a reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In order to bring a claim under the APA, two criteria must be satisfied. First, the "agency action complained of must be final agency action." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004). Second, the plaintiff must assert that an agency failed to take a discrete agency action that it is required to take. *Id*.

Defendants' primary argument is that this court lacks jurisdiction over Wang's complaint because Wang cannot establish the existence of a nondiscretionary ministerial duty. Their contention appears to apply equally to Wang's claims under both the Mandamus Act and the APA. As set forth above, the court has concluded that a mandatory duty exists as to the FBI to conduct background checks on applicants for naturalization. With regard to the USCIS, the court has previously held in the context of adjudication of I-485 adjustment applications, there is a non-discretionary duty on the part of the USCIS to adjudicate applications. *See, e.g., Konchitsky*, 2007 WL 2070325 at *3. Further, Title 8 sets forth the steps for adjudicating a naturalization application in mandatory terms: After an individual has filed a naturalization application, a USCIS service officer shall conduct an

ORDER DENYING DEFENDANTS' MOTION TO DISMISS—No. C-07-06266 RMW
MAG                                                                  4

examination of the applicant. 8 U.S.C. § 1446(b); 8 C.F.R. § 335.2(a). And if the examiner fails to make the determination under § 1446 within 120 days of the examination, the applicant may seek judicial relief. 8 U.S.C. § 1447(b).

USCIS nevertheless argues that there can be no duty because, as discussed above, the USCIS cannot conduct the examination of an applicant until "after the Service has received a definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b). Because plaintiff's background check has not been received from the FBI, USCIS asserts that it has no duty to proceed with the adjudication of Wang's application. The court declines to find that the USCIS has no nondiscretionary duty in this case based solely on the fact that the FBI has not completed its background check. Thus, the court finds it has requisite jurisdiction over Wang's complaint under both the APA and the Mandamus Act.

### C. Failure to State a Claim

Finally, defendants move to dismiss on the basis that Wang's complaint fails to state a claim. This argument is based on the same argument presented above: that because Wang's background check has not been completed by the FBI, his complaint fails to state a claim that USCIS has failed to take a legally required action, as the USCIS must await the FBI's determination before it can commence the adjudication of Wang's application. Because the court has concluded that the FBI has a duty to applicants to conduct background checks in conjunction with naturalization applications, Wang's complaint sufficiently states a claim. As to the USCIS, the court cannot conclude on the allegations in the complaint that Wang cannot state a claim with regard to their failure to adjudicate his naturalization application.

## III. ORDER

For the foregoing reasons, the court denies defendant's motion to dismiss.

DATED:    4/16/08

RONALD M. WHYTE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION TO DISMISS—No. C-07-06266 RMW
MAG
5

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Tricia Xiaoxia Wang          tricia@wangslaw.com

**Counsel for Defendants:**

Ila Casy Deiss               ila.deiss@usdoj.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      4/16/08                          /s/ MAG
                                                 **Chambers of Judge Whyte**